UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 09-_____

**GEORGE D. RICH**                                                                  **PLAINTIFFS**
and
**DEBRA RICH**

v.

**FIFTH THIRD BANK, Inc.**
**d/b/a FIFTH THIRD BANK**                                                       **DEFENDANT**

Serve Registered Agent:

CSC-LAWYERS INCORPORATING SERVICE
421 WEST MAIN ST
FRANKFORT, KY 40601

**COMPLAINT**
**WITH JURY DEMAND**

COME NOW George Rich and Debra Rich, by and through counsel, and for their complaint state as follows:

1. The above captioned complaint presents claims under the Real Estate Settlement Procedure Act. As such, subject matter jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1331.

2. Plaintiffs also assert claims under state law related to the same circumstances and events as set forth in their claims under RESPA. As such, jurisdiction on Plaintiff's state claims is also proper pursuant to 11 U.S.C. § 1337.

3. At all times relevant, Plaintiffs have resided within the Eastern District of Kentucky in Campbell County.

4. At all times relevant, Defendant Fifth Third Bank, Inc., "Fifth Third", conducted banking and loan services within the Eastern District of Kentucky, Covington Division.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391.

6. Plaintiffs are the owners of 11146 Pond Creek Rd., Alexandria, KY, the "real estate."

7. At all times relevant, Plaintiffs' principal place of residence has been the real estate.

1

8. On or about August 2, 2002, Plaintiffs received a home equity revolving line of credit from Fifth Third Bank not to exceed the principal amount of $60,000.00. The monthly payment obligation of the credit line is based on a percentage of the amount outstanding at any particular time.

9. Said line of credit was secured by a mortgage on Plaintiff's residence. The mortgage was recorded August 27, 2002, at Mortgage Book 496, page 473, of the Campbell County Clerk's records at Alexandria, Kentucky. A true and correct copy of the mortgage is attached hereto as Exhibit A and incorporated herein by reference.

10. Plaintiffs have borrowed funds from Fifth Third under the terms of the line of credit.

11. Said loan constitutes a "federally related mortgage loan" as contemplated by 12 U.S.C. § 2605.

12. On, or about, May 25, 2004, Plaintiffs financed the purchase of a 2000 GMC truck through Fifth Third under a separate note and security agreement.

13. Through inadvertence or error, Fifth Third failed to properly perfect its lien on the GMC truck.

14. In October of 2005, Plaintiffs filed Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Kentucky, Case No. 05-24893.

15. L. Craig Kendrick was appointed Trustee in Bankruptcy for the Plaintiffs' bankruptcy case.

16. Because Fifth Third had failed to properly perfect its lien prior to the filing of the bankruptcy, the Trustee was able to avoid Fifth Third's lien on the GMC truck and claim it as an asset of the bankruptcy estate.

17. On February 23, 2006, Plaintiffs received a Discharge.

18. Despite being on notice of Plaintiffs' bankruptcy, and on notice of the defective nature of its lien, Fifth Third Bank commenced an action against Plaintiffs in Campbell Circuit Court to seek recovery of the truck. The action was later dismissed.

19. The Trustee later sold the GMC truck for the benefit of the estate and Fifth Third was adjudicated an unsecured creditor with respect to the vehicle.

20. The bankruptcy case was closed in April of 2009.

21. Subsequent to the lawsuit regarding the GMC truck, Plaintiffs attempted to refinance their home equity loan with another financial institution.

22. Plaintiffs were denied a refinance.

23. At the time of the denial, Plaintiffs were advised that their home equity loan was being reported to the credit bureau in default. Said report was cited to Plaintiffs as a reason they were denied a refinance of their home equity loan.

24. Upon information and belief, Plaintiffs have remained current on their mortgage obligation to Fifth Third throughout the bankruptcy and after.

25. Throughout their bankruptcy and after, Plaintiffs have made regular payments to Fifth Third in the approximate amount of $400.00 each month.

26. Plaintiffs' usual and customary method of payment is by check at their local Fifth Third Branch.

27. On more than one occasion, Plaintiff Debra Rich has been advised by her local Fifth Third branch that her mortgage loan was closed.

28. On more than one occasion, Plaintiff Debra Rich has been been asked if she is making a payment on the loan related to the GMC truck.

29. Plaintiffs have been advised by their branch that the loan related to the truck still shows a balance outstanding.

30. Upon information and belief, the amount of the regular monthly payments made by Plaintiffs should have been sufficient to satisfy Plaintiffs' monthly obligations to Fifth Third under the note and mortgage.

31. To their knowledge and belief, at no time have Plaintiffs received a notice of default, or other written statement from Fifth Third advising them that their mortgage loan is delinquent.

32. Plaintiffs requested a copy of their loan history from their local branch.  On more than one occasion, Plaintiffs were advised that no one at the branch was permitted to speak with them regarding their loan.

33. On December 2, 2008, Plaintiffs were able to obtain a payoff statement that claimed the outstanding balance on their loan was $67,082.94.

34. Upon information and belief, said payoff statement is erroneous.

35. In December 2008, Plaintiff's were able to obtain a copy of their loan history through counsel. The loan history provided showed an outstanding principal of $58,253.78.

36. On, about July 31, 2009, Plaintiffs were given a statement from their branch window that claimed the actual outstanding amount is $50,253.78.

37. The December 2008 loan history appears to show that none of the payments Plaintiffs have made since 2006 have been applied to principal.

38. Upon information and belief, the various payoff amounts given to Plaintiffs at different points in time do not evidence a consistent method in how Fifth Third has applied their payments to the mortgage loan.

39. Upon information and belief, the loan history evidences that Fifth Third has erroneously raised Plaintiffs' interest to a punitive rate and charged unwarranted late fees.

40. After several attempts to contact Fifth Third to inquire about the late charges and interest, Plaintiffs were directed to Fifth Third's "Bankruptcy Department."

41. Plaintiff Debra Rich was advised by Fifth Third's Bankruptcy Department that they were not allowed to discuss the loan with her.

42. Plaintiff Debra Rich was also advised later that her loan had been "charged off" and that no one at Fifth Third could provide her information regarding her loan.

43. Plaintiffs have not received regular written statements regarding their loan since the filing of their bankruptcy.

44. Plaintiff has requested said written statements.

45. Plaintiffs have also not received annual mortgage interest statements, Form 1098, regarding qualified interest they have paid on their home equity line.

46. On, or about, December 18, 2008, Plaintiffs, through counsel, sent a qualified written request to Fifth Third asking it to investigate and correct the errors in their revolving line of credit account.  A true and correct copy of the letter sent Fifth Third is attached hereto as Exhibit B and incorporated herein by reference.

47. To date, Fifth Third has not responded to said qualified written request.

48. More than 60 days has passed since Plaintiffs sent Fifth Third a qualified written request regarding their loan.

49. Plaintiffs are unaware of any investigation Fifth Third has undertaken with regard to their loan, nor have they been advised of the results of any investigation Fifth Third has undertaken regarding their loan.

50. Having received no response, a follow up demand letter was sent to Fifth Third June 25, 2009.

51. To date, Fifth Third has not responded.

52. Upon information and belief, Fifth Third continues to assess unwarranted late fees and punituve interest on Plaintiffs' account.

53. Upon information and belief, Plaintiffs' are not in default.

54. In the alternative, Plaintiffs are unable to determine their loan status or frame a reasonable response to any alleged default because Fifth Third has refused to communicate with them regarding their loan.

55. Upon information and belief, Plaintiffs' loan payments are not being credited or allocated properly to their loan account.

56. As a result, upon information and belief, Fifth Third has caused Plaintiffs to incur additional interest and late charges.

57. Upon information and belief, Fifth Third's failure to correct Plaintiffs' account after numerous requests is willful and/or reckless.

## COUNT I
## RESPA VIOALTIONS

58. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-57 as if fully restated herein.

59. Fifth Third Bank has received a "qualified written request" from Plaintiffs regarding information related to their mortgage loan.

60. Pursuant to 12 U.S.C. § 2605, Fifth Third has a legal duty to conduct an investigation regarding the errors in Plaintiffs' loan and report the results of said investigation within 60 days of the receipt of a qualified written request.

61. Fifth Third has breached its duty by failing to conduct said investigation and failing to report the results of said investigation to Plaintiffs.

62. As a result of Fifth Third's failure to respond, Plaintiffs have incurred unwarranted punitive interest, late fees, and other costs on their mortgage loan.

63. The unwarranted late fees and punitive interest have caused actual economic harm to Plaintiffs by unfairly increasing the amount of the debt encumbering their real estate requiring them to expend time, mental worry, effort, and resources to attempt to correct the errors in their loan.

64. Said damages are a proximate result of Fifth Thirds willful and/or negligent mishandling of Plaintiffs' account.

65. Pursuant to 12 U.S.C. 2505, Plaintiffs are entitled to recover any actual damages suffered as a result of Fifth Third's breach of its duty, including reasonable attorney fees.

66. In addition, Plaintiffs are entitled to statutory damages as set forth in 12 U.S.C. § 2605.

## COUNT II
## DECLARATORY JUDGMENT

67. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-66 as if fully restated herein.

68. Actual controversy exists between Plaintiffs and Fifth Third regarding charges, late fees, and interest related to Plaintiffs' mortgage loan.

69. Said controversy is within this Court's jurisdiction.

70. Pursuant to 28 U.S.C. 2201, *et seq.*, Plaintiffs assert they are entitled to a judicial determination of their rights and obligations under the mortgage loan.

### COUNT III
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

71. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-70 as if fully restated herein.

72. Plaintiffs' mortgage with Fifth Third Bank constitutes an enforceable contract under Kentucky law with regard to the encumbrance of the real estate.

73. Under the law of Kentucky, each and every contract contains an implied covenant of good faith and fair dealing.

74. Fifth Third's willful refusal to communicate with Plaintiffs regarding their mortgage loan while at the same time assessing unwarranted late fees and punitive interest constitute a breach of the duty of good faith and fair dealing.

75. Further, Fifth Third's refusal to communicate in writing to Plaintiffs what, if any, acts on their part gave rise to any alleged default has prevented Plaintiffs from contesting said allegations or curing any defaults in a timely manner as to prevent further accumulation of punitive interest and unwarranted late fees.

76. Upon information and belief, Plaintiffs payments are being applied first to fees and interest, then to principal amounts outstanding.

77. Said breach has proximately caused economic harm to Plaintiffs by encumbering the real estate with punitive interest and unwarranted late fees.

78. In addition, said breach has lessened the amounts that would have otherwise been applied to the principal amount of the loan.

79. Fifth Third's refusal to communicate with Plaintiffs, or their counsel, regarding their loan or payments, constitutes a reckless and/or willful breach of the covenant of good faith and fair dealing.

80. Plaintiffs assert said willful breach warrants an award of punitive damages.

## COUNT IV
## KENTUCKY CONSUMER PROTECTION ACT

81. Plaintiffs incorporate each and every allegation set forth in paragraphs 1-80 as if fully restated herein.

82. Fifth Third is a provider of services affecting commerce in the Commonwealth of Kentucky as contemplated by K.R.S. § 367.110.

83. Plaintiffs have obtained the loan in question from Fifth Third primarily for a personal, household, or family purpose as contemplated by K.R.S. § 367.220.

84. Fifth Third's assessment of punitive interest and unwarranted late charges while failing to give Plaintiffs notice of any alleged default, or allowing an opportunity to contest or cure any alleged default, constitutes and unlawful act as contemplated by K.R.S. § 367.170.

85. Plaintiffs have suffered economic harm as a result of Fifth Third's unlawful acts, including the encumbering of their real estate by punitive interest charges, unwarranted late fees, and preventing Plaintiffs from reducing the principal amount outstanding on their mortgage loan.

86. Upon information and belief, said unlawful acts are willful and/or reckless.

87. Under the Act, Plaintiffs assert they are entitled to actual damages in an amount to be proven at trial, attorney's fees, and punitive damages.

   **WHEREFORE**, having set forth their complaint, Plaintiffs pray for the following relief:

   (a)  For an adjudication that Fifth Third has breached its duty under RESPA;

   (b)  For an order directing Fifth Third to correct all errors in the assessment of interest and fees on Plaintiffs' mortgage loan;

   (c)  For a declaration of Plaintiffs rights and obligations under the mortgage loan with Fifth Third;

   (d)  For an adjudication that Fifth Third has breached the common law duty of good faith and fair dealing;

   (e)  For an adjudication that Fifth Third has violated the Kentucky Consumer Protection Act;

   (f)  For actual damages in an amount to be determined at trial;

   (g)  For a trial by jury on all claims;

   (h)  For their attorney's fees and costs;

(i) For punitive damages in an amount to be determined at trial; and

(j) For all other relief to which they may be justly entitled.

                Respectfully submitted,

                /s/ Michael B. Baker
                Michael B. Baker (91890)
                BAKER & INGALLS, PLLC
                6900 Houston Road
                Bldg. 600, Suite 16
                Florence, KY 41042
                (859) 647-7777
                Fax: (859) 647-7799
                mbaker@bakeringallslaw.com